UNITED STATES of America, Plaintiff-Appellee,

v.

Edward WILLIAMS, Defendant-Appellant.

No. 73–1105.

United States Court of Appeals, Sixth Circuit.

Argued June 13, 1973.

Decided July 18, 1973.

Sanford Rosenthal, Detroit, Mich., on brief, for defendant-appellant.

John P. Conley, Asst. U. S. Atty., Ralph B. Guy, Jr., U. S. Atty., Flint, Mich., on brief, for plaintiff-appellee.

Before EDWARDS and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

## PER CURIAM.

Williams was convicted on four counts of possession of heroin, in violation of 21 U.S.C. § 174 (1970). The search warrant had previously been obtained on information given a federal agent by an informant who had previously proved to be reliable. The search disclosed four plastic bags of heroin containing something like 1600 grams in total. The four bags were found in a basement safe. Three of them were together in a brown paper bag and one was on a nearby shelf.

At trial the government introduced evidence that federal agents had seen Williams at the house in question, that the safe had been sold to Williams, that utilities were in Williams' name, and that there was a palm print of Williams on the inside of the door of the safe and fingerprints on the bags in the safe, as well as at other places in the basement.

Williams was sentenced to eight years on each of the four counts after a jury verdict of guilty on each count, with the sentences to run concurrently.

■ Three issues are presented on appeal. The first is that the search warrant was invalid because the affidavit was vague and insufficient, particularly in that it did not allege the date of the informant's information and, hence, the information might be stale. Inspection of the affidavit, however, clearly rebuts any inference of staleness of information or lack of specificity of the affidavit. As to this issue we affirm.

■ The second appellate issue is that only circumstantial evidence exists to prove Williams' possession. Circumstantial evidence is, however, admissible to prove guilt. United States v. Scales, 464 F.2d 371 (6th Cir. 1972). In addition, we believe the facts recited above, if the jury chose to believe them, constituted much more than circumstantial evidence.

■ The third issue is a contention that under the factual circumstances outlined above, only one offense of possession of heroin should have been charged, and that the facts do not support four separate counts, and four separate sentences.

As to this issue the court is of the opinion that the appellant is correct. In this case we deal with one drug (heroin) found in one safe in appellant's basement. Under these facts the added fact that the heroin was divided into four plastic bags does not seem to us to be controlling. Other courts have held that multiple counts were legally inappropriate under fact situations much more favorable to the government's position than ours. Guffey v. United States, 310 F.2d 753 (10th Cir. 1970); Braden v. United States, 270 F. 441 (8th Cir. 1920); United States v. Martin, 302 F. Supp. 498 (W.D.Pa.1969).

The case relied upon principally by the government dealt with three different types of possession of three different quantities of drugs in three different places. See United States v. Privett, 443 F.2d 528 (9th Cir. 1971).

The judgment of conviction and the sentence on the first count is affirmed. The judgments of conviction and the sentences on the other three counts are vacated.