**UNITED STATES of America,
Plaintiff,**

**v.**

**Carlton NICHOLS et al., Defendants.**

**Cr. A. No. 5–80070.**

United States District Court,
E. D. Michigan, S. D.

Sept. 26, 1975.

Ralph B. Guy, Jr., U. S. Atty., Richard L. Delonis, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Edward Wishnow, Bornstein & Wishnow, Southfield, Mich., Paul D. Muller, Highland Park, Mich., N. C. Deday La-Rene, Burdick & Fink, Detroit, Mich., for defendants.

## MEMORANDUM OPINION

FEIKENS, District Judge.

Diane Morford and her co-defendants, Carlton Nichols and Charles Jefferson Hines, have been charged by a Grand Jury of the United States with violations of 21 U.S.C. § 841(a)(1), part of the Comprehensive Drug Abuse Prevention and Control Act of 1970. Counts Six and Seven of the indictment charge defendant Morford with (1) aiding and abetting the possession of 23 grams of heroin on or about October 23, 1974 with intent to distribute the same, and (2) aiding and abetting the distribution of 23 grams of heroin on or about October 23, 1974. In the belief that the government will seek to establish both Count Six and Count Seven by proving but a single transaction, namely the sale and delivery of 23 grams of heroin to an undercover agent, and that Congress did not intend in enacting 21 U.S. C. § 841(a)(1) to create separate and independent offenses of possession with intent to distribute and distribution, at least insofar as such offenses may be predicated upon a single sale and delivery at a single time and place, defendant Morford brings this motion to dismiss Counts Six and Seven in whole or in part, or alternatively to compel the government to elect between these counts.

21 U.S.C. § 841 provides in relevant part:

"(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

"(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."

The present motion requires the court to determine the intent of Congress in enacting this provision. Did Congress intend with the above language to make a single delivery of narcotics punishable as two separate offenses of possession with intent to distribute and distribution, or did it define *alternative* offenses, one requiring proof of fewer elements than the other? Since the legislative history is silent on this point, the court must turn to general principles of statutory construction. Guidance is provided by a consistent line of Supreme Court decisions involving analogous issues.

In *Bell v. United States,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955), the Court reversed the defendant's consecutive sentences on two counts of violating the Mann Act, where two women had been transported in a single transaction. The Court recognized that sep-

arate convictions would be proper if Congress so intended, but found that the Congressional purpose was left unclear in this regard. A principle of lenity was declared:

"When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity. ⊦And this not out of any sentimental consideration, or for want of sympathy with the purpose of Congress in proscribing evil or anti-social conduct. It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment. . . . [D]oubt will be resolved against turning a single transaction into multiple offenses, when we have no more to go on than the present case furnishes." 349 U.S. at 83–84, 75 S.Ct. at 622 (emphasis added).

In *Prince v. United States,* 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), the Court held that consecutive sentences were improper on separate counts of (1) bank robbery and (2) entering a bank with intent to commit a felony. Accordingly, the Court reversed and remanded for resentencing. While the Supreme Court's disposition required no express ruling on the validity of the separate conviction (as opposed to sentence) for entering a bank with intent to commit a felony, the Court's opinion indicates that it did not regard the two counts as stating independent offenses. The Court stated:

"The Government asks us to interpret this statute as amended to make each a completely independent offense. It is unnecessary to do so in order to vindicate the apparent purpose of the amendment. The only factor stressed by the Attorney General in his letter to Congress was the possibility that a thief might not commit all the elements of the crime of robbery. *It was manifestly the purpose of Congress to establish lesser of-*

*fenses.* But in doing so there was no indication that Congress intended also to pyramid the penalties." 352 U.S. at 327, 77 S.Ct. at 406 (emphasis added).

In *Heflin v. United States,* 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), the Court reversed a conviction on separate counts for bank robbery and receiving stolen property. The Court stated:

"We held in *Prince v. United States, supra,* that the crime of entry into a bank with intent to rob was not intended by Congress to be a separate offense from the consummated robbery. . . . We gave the Act that construction because *we resolve an ambiguity in favor of lenity when required to determine the intent of Congress in punishing multiple aspects of the same criminal act.*" 358 U.S. at 419, 79 S.Ct. at 453 (emphasis added).

In *Milanovich v. United States,* 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961), the Court set aside a conviction on separate counts of violating 18 U.S.C. § 641 by (1) stealing government property and (2) receiving and concealing that same property, where concurrent sentences were imposed. Relying upon its decision in *Heflin v. United States, supra,* the Court held that the trial judge erred in failing to instruct the jury "that a guilty verdict could be returned upon either count but not both". 365 U.S. at 555, 81 S.Ct. at 730. As pointed out by Mr. Justice Frankfurter in dissent, the two counts were not based upon a single act by the defendant, but upon "two clearly severed transactions". The theft count was based upon the defendant's act as an accessory in bringing the thieves to the scene of the crime, whereas the receiving and concealing count was based upon the defendant's act in taking possession of part of the stolen currency *seventeen days later.*

■ It thus appears that the principal of lenity established by the Supreme

Court in resolving issues of multiple punishment for a "single act" may be applied to bring together transactions that are separate in time, place and manner of accomplishment. It must a fortiori be applicable to charges based upon a single transaction. In construing the statutory provisions involved on the instant motion, the *Prince* case is most closely analogous. It established a rule of construction for statuory provisions that proscribe increasing stages in the accomplishment of a single basic offense. If the defendant is convicted of the ultimate offense, the "lesser" offense may not also be punished.

The *Prince* Court's characterization of entering a bank with intent to commit a felony as a "lesser offense" cannot have meant that it carried a lower potential punishment. As the Court was aware, both that offense and the "greater" offense of robbery were contained within a single subsection and carried the same potential fine and/or prison term. *See* 18 U.S.C.A. § 2113 (1970); *Prince v. United States*, 352 U.S. at 323 n. 1, 77 S.Ct. 403. Rather, the Court must have used the term "lesser" to mean that the crime of entering a bank with intent to commit a felony covered transactions with a lesser number of accomplished elements than a consummated robbery. In other words, "even if the culprit should fall short of accomplishing his purpose, he could be imprisoned for 20 years for entering with the felonious intent". 352 U.S. at 329, 77 S.Ct. at 407.

■ This analysis is readily applicable to the statutory scheme involved in the instant case. The offense of possession with intent to distribute is not "lesser" in the usual sense of involving a lower potential punishment. As with the statute in *Prince*, both offenses charged are contained within a single subsection and carry the same potential fine and/or prison term. However, it is "lesser" in the *Prince* Court's sense of describing a criminal act that falls short of the actor's ultimate purpose.

By creating the offense of possession with intent to distribute, "it was manifestly the purpose of Congress" to reach those transactions that fell short of distribution, not to create a separate offense in cases in which the distribution was actually consummated. If, therefore, the government proves nothing more than a single sale of 23 grams of heroin, the court holds that conviction on only one count is authorized by 21 U.S.C. § 841(a)(1).

The government urges that a contrary result is compelled by other Supreme Court decisions. In *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Court affirmed the defendant's convictions and consecutive sentences on separate counts deriving from a single sale of morphine. The counts were predicated, respectively, upon § 1 of the Harrison Narcotic Act, which prohibited the sale of narcotics except in or from the original stamped package, and § 2 of the same statute, which prohibited the sale of narcotics except pursuant to a written order of the purchaser. The Court stated:

> "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182 (emphasis added).

In *Gore v. United States*, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958), the Court, expressly adhering to its decision in *Blockburger*, affirmed the defendant's convictions and consecutive sentences on three counts for each of two sales of heroin. These counts were based, respectively, upon § 4705(a) of the Internal Revenue Code of 1954 (IRC), which prohibited the sale of narcotics except pursuant to a written order of the purchaser, § 4704(a) of the IRC, which prohibited the sale of narcotics except in or from the origin-

al stamped package, and § 2(c) of the Narcotic Drugs Import and Export Act, which prohibited the facilitation of concealment or sale of narcotics with knowledge that they have been illegally imported. In distinguishing *Bell v. United States, supra,* in which the Court had applied the principle of lenity in holding that the transportation of more than one woman in a single transaction constituted but a single offense under the Mann Act, the Court stated:

> "It is one thing for a single transaction to include several units relating to proscribed conduct under a single provision of a statute. It is a wholly different thing to evolve a rule of lenity for three violations of three separate offenses created by Congress at three different times, all to the end of dealing more and more strictly with, and seeking to throttle more and more by different legal devices, the traffic in narcotics." 357 U.S. at 391, 78 S.Ct. at 1284.

The case of *Prince v. United States, supra,* wherein the Court had held that a single act of bank robbery could not be punished under separate counts for robbery and entering a bank with intent to commit to felony, was distinguished as involving "a unique statute of limited purpose". 357 U.S. at 391–92, 78 S.Ct. at 1284.

As demonstrated by the facts that the Supreme Court distinguished *Bell* and *Prince* in deciding *Gore,* and that *Heflin* and *Milanovich* were decided subsequent to *Gore,* it is apparent that we are dealing with two separate lines of authority. The *Bell–Prince–Heflin–Milonavich* line establishes a principle of lenity in construing closely related statutory provisions arguably violated by a single act. The *Prince* case in particular lays down a principle for construing statutes that proscribe the various steps on the way to a single ultimate offense.

The *Blockburger–Gore* line, on the other hand, establishes a rule for construing "distinct statutory provisions". The test in such cases is "whether each provision requires proof of an additional fact which the other does not". *Blockburger, supra,* 284 U.S. at 304, 52 S.Ct. at 182. This line is not controlling here for two reasons. First, as discussed above, we are not concerned in the instant case with "distinct statutory provisions", but with a single statutory subsection proscribing both "lesser" and "greater" degrees of accomplishing a single purpose, namely, the distribution of controlled substances.

Second, even if the provisions involved were distinct, it is not the case that each requires proof of a fact that the other does not. To be sure, the crime of distribution requires proof of an element that the crime of possession with intent to distribute does not. The term "distribute" is statutorily defined as "to deliver (other than by administering or dispensing) a controlled substance". 21 U.S.C. § 802(11). The term "deliver" is in turn defined to mean "the actual, constructive, or attempted transfer of a controlled substance, whether or not there exists an agency relationship". 21 U.S.C. § 802(8). Thus, the government must prove the "actual, constructive, or attempted transfer" of the controlled substance in order to establish distribution, an element not required in order to prove possession.

The reverse is not the case, however. That is, the crime of possession with intent to distribute does not require proof of any element not also required in order to prove distribution.

It might be argued that distribution may be accomplished through an agent of the defendant, hence a conviction is possible without physical possession of the controlled substance. The latter element, it might be supposed, is necessary in order to prove possession with intent to distribute. However, physical possession is not a necessary element of this offense. While the term "possession" is not statutorily defined, it has been uniformly construed to include "constructive" possession, that is,

"knowingly having both the power and intention at a given time to exercise dominion or control over the property". *United States v. Hutchinson,* 488 F.2d 484, 488 (8th Cir. 1973). Thus it is not necessary to a conviction for possession under § 841(a)(1) that the defendant have actual, physical custody of the controlled substance, but only that it be possessed by someone under his power or influence. In sum, while possession is possible without distribution, distribution is not possible without possession. Possession with intent to distribute is a "lesser" offense (not in terms of potential punishment, but in terms of degree of accomplishment, *see Prince, supra*), included within the offense of distribution. This situation is governed by *Prince,* not *Blockburger.*

The result reached here is consistent with recent Sixth Circuit decisions. In *United States v. Stevens,* 521 F.2d 334 (1975), the court set aside concurrent sentences imposed for conviction under § 841(a)(1) on separate counts of possession with intent to distribute and distribution, based upon the simple act of sale of heroin to an undercover agent. While noting that the concurrent nature of the sentences substantially reduced the potential prejudice, the court was unable to find "that it altogether eliminates it and renders the effect harmless". At 337. Similarly, the task of this court is to eliminate altogether any potential prejudice arising from multiple charges. While it is true that the United States Court of Appeals for the Sixth Circuit in· *Stevens* permitted the underlying convictions to stand, reversal thereof not having been considered necessary in order to render their prejudicial effect harmless, we are presented in the instant case with a different stage of the proceedings. Where conviction has not yet occurred, it would be contrary to the spirit of *Stevens* to permit multiple prosecution where Congress intended but a single punishment for a single criminal act. *See also United States v. King,* 521 F.2d 356 (6th Cir. 1975), where the court again vacated multiple sentences under § 841(a)(1). The court there stated "that where possession of heroin is not shown to exist separately from the moment in which it is transferred to the government agent, but a single act is proof of the two offenses, it was not the intent of Congress that the defendant be punished twice for the single act". At 358.

There remains the task of fashioning appropriate relief. Defendant Morford asks the court to dismiss Counts Six and Seven in whole or in part, or alternatively to compel the government to elect ·between these counts. It is impossible at this juncture, however, to know exactly what proofs the government will bring. If an act of possession sufficiently distinct from the act of distribution is to be proved, multiple prosecutions may be warranted. If, on the other hand, the government does not expect to prove more than the single sale, and has no evidence sufficient to support a conviction of possession other than that incident to the alleged distribution, it would not comport with the mandate of *Stevens* to permit multiple prosecutions. In the attempt to eliminate any prejudice that might arise from multiple charges under § 841(a)(1), the court cannot overlook the prejudicial effect that a multi-count indictment would potentially have on a jury.

▬ Defendant's motion will therefore be granted, and the government will be required to elect which of Count Six and Seven it intends to pursue. Only that count will be presented to the jury. If, however, the attorney for the government states prior to trial that his proofs will show an act of possession with intent to distribute separate and distinct from the sale of 23 grams of heroin to an undercover agent on October 23, 1974, both counts will initially be presented to the jury. If it should nonetheless develop at the close of the prosecution's case that the only evidence of possession sufficient to support a conviction is indeed that incident to the

alleged distribution, the court will then instruct the jury, as suggested in *Milanovich, supra,* that a guilty verdict may be returned "upon either count but not both". 365 U.S. at 555, 81 S.Ct. at 730.

An appropriate order may be submitted. Defendant Charles Jefferson Hines having filed a timely notice joining in the motion of defendant Morford, an order may likewise be submitted on his behalf, compelling an election between Counts Four and Five, Six and Seven, and Eight and Nine, subject to similar conditions regarding the goverment's expected proof. Should defendant Carlton Nichols desire similar treatment, an order may be submitted on his behalf compelling an election between Counts Two and Three, Four and Five, Six and Seven, and Eight and Nine.