UNITED STATES of America,
Plaintiff-Appellee,

v.

Roy Condy WOODS,
Defendant-Appellant.

No. 77–5100.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 17, 1977.

Decided Jan. 18, 1978.

Rehearing Denied Feb. 15, 1978.

N. C. Deday LaRene, Fink & LaRene, Detroit, Mich., for defendant-appellant.

Philip M. Van Dam, U. S. Atty., Frederick Van Tiem, Detroit, Mich., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, ENGEL, Circuit Judge, and LAMBROS, District Judge.*

ENGEL, Circuit Judge.

Defendant Roy Condy Woods was found guilty in a district court jury trial on four separate counts of an indictment charging violations of the narcotics laws. All violations were alleged to have occurred "on or about November 12, 1975, in the Eastern District of Michigan, Southern Division." All involved heroin.

Count 1 charged that Woods, with co-defendants Dale Schnell and Eddie Ray Snyder, possessed with an intent to distribute and aided and abetted each other in the possession with intent to distribute approximately 111.36 grams of heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Count 2 charged that Woods, Schnell and Snyder unlawfully distributed and aided and abetted each other in the distribution of 111.36 grams of heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Count 3 charged that Woods, Schnell and Snyder unlawfully possessed with intent to distribute approximately 115.37 grams of heroin, contrary to the statutes cited.

Count 4 charged that Woods, Schnell and Snyder unlawfully possessed with intent to distribute approximately 95.34 grams of heroin, in violation of those same cited statutes.

Woods was arrested by narcotics agents at the Hilton Inn near the Detroit Metropolitan Airport, and a search of the red Opel automobile which he had driven to the Hilton revealed caches of heroin both under the front seat and in the trunk of the automobile. In addition, the narcotics officers had earlier obtained possession of another cache of heroin delivered to them by

---

* Hon. Thomas D. Lambros, Judge, United States District Court for the Northern District of Ohio, sitting by designation.

Dale Schnell as the first of two packages which the latter had agreed to sell to the undercover agents. The proofs showed that the 111.36 grams of heroin described by weight in count 1 of the indictment was that which was sold by Schnell to the undercover government agents and was thus the same heroin described in count 2. The heroin described in count 3 of the indictment more or less corresponded in weight to one of two parcels found under the front seat of the Opel, weighing 114.55 grams and 107.26 grams respectively. The two caches of heroin discovered in the trunk of the Opel weighed 28.527 and 54.97 grams respectively, or a total of approximately 86 grams, which roughly approximates the weight of the heroin described in count 4. In terms of purity, the heroin in counts 1 and 2 was 19% pure; the heroin in count 3 was 19.3% pure with respect to the 114.55 grams and 19.8% pure with respect to the 107.26 grams. The 28.527 gram packet found in the trunk was 16.1% pure, while the other 54.97 gram packet had a purity of 18.7%.

Following a jury trial, Woods was convicted of all four counts and sentenced to seven years plus a special parole term of three years on each of the four counts, the sentences to run concurrently. With respect to counts 1 and 2, which the evidence showed to have arisen out of a single transaction, the district judge appears to have been aware of our decision in *United States v. Stevens*, 521 F.2d 334 (6th Cir. 1975), but gave no explanation for the failure to apply it. Upon appeal no good reason is shown why *United States v. Stevens* should not compel the vacation of one of the two concurrent sentences imposed in counts 1 and 2.

Prior to trial Woods moved the court to compel the prosecution to elect between counts 1 and 2. Woods contends that the trial court erred in denying his motion and thus urges that we should not simply vacate one of the two sentences but should vacate as well one of the judgments of conviction. As authority, the defendant relies upon *United States v. Nichols*, 401 F.Supp. 1377 (E.D.Mich.1975). Following a timely mo-

tion in advance of trial, the district court in *Nichols* ordered the government before trial to elect between two counts charging distribution and possession with intent to distribute. In so ruling, the district court observed:

> While it is true that the United States Court of Appeals for the Sixth Circuit in *Stevens* permitted the underlying convictions to stand, reversal thereof not having been considered necessary in order to render their prejudicial effect harmless, we are presented in the instant case with a different stage of the proceedings. Where conviction has not yet occurred, it would be contrary to the spirit of *Stevens* to permit multiple prosecution where Congress intended but a single punishment for a single criminal act. . . .

401 F.Supp. at 1382.

■ The conclusion reached in *Nichols* is not one which necessarily follows from our decision in *Stevens*. While it is true that a simple possession charge is a lesser and included offense of a charge of possession with intent to distribute, *United States v. Wade*, 502 F.2d 144 (6th Cir. 1974), the same cannot be said of the offenses of distribution and possession with intent to distribute.

> Here, both distribution and possession with intent to distribute are subject to maximum fifteen year penalties. Hence, one cannot be said to be lesser and included within the other in the usual sense. The possession with intent charge can be proved without proof of actual distribution and the distribution charge can conceivably be proved without proof of possession. Thus two offenses can exist, for each provision requires proof of a fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Gavieres v. United States*, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489 (1911).

*United States v. Stevens*, 521 F.2d at 337 n. 2.

■ Whatever might be the result of a government appeal from a forced election

of counts before trial, an issue not present here, no more than the vacation of one of the sentences is required under *Stevens*, and we deem it immaterial that Woods may have made a timely but unsuccessful effort to compel the government to elect before trial.

A more difficult question is whether counts 1, 3 and 4 are, as contended by appellant, multiplicitous, thereby precluding separate convictions and sentences.

The government points to the fact that the caches and parcels of heroin described in counts 1, 3 and 4 had a separate identity and were found in three separate locations, although all were at least in the constructive possession of Woods.

It is axiomatic that to be found guilty of possession of heroin with intent to distribute in contravention of 21 U.S.C. § 841(a)(1), the evidence at trial need not establish the precise amount of heroin alleged in the indictment. It is sufficient if the substance is in fact heroin and if it is measurable. *E. g., United States v. Sims*, 529 F.2d 10 (8th Cir. 1976); *United States v. Jeffers*, 524 F.2d 253 (7th Cir. 1975); *United States v. Nelson*, 499 F.2d 965 (8th Cir. 1974). Nor need the precise percentage of purity thereof be shown.

The counts of the indictment here do not identify the heroin other than by its weight, and there is a substantial variation in weight between the parcels described in counts 3 and 4 and those proven at trial to have been found underneath the front seat of the Opel and in the trunk. The counts do not further identify the specific cache of heroin by percentage of purity.

The difficulty of identifying the specific heroin with one of several counts against the same defendant without incorporating into the language of the count any more specific identifying information is apparent. Proof that the defendant possessed any one of the five parcels of heroin seized would suffice to sustain a conviction under any of the three counts. Was the heroin described in count 3 in fact that which was recovered from the front seat, or was it that which

was recovered from the trunk? What would happen if the proofs at trial showed each separate package to be identical in weight to the others? What would be the result should it have been determined, for example, that the heroin found in the trunk of the car had been seized in violation of the defendant's Fourth Amendment rights, thus making it inadmissible? Which count would be then affected?

Conversely it can be asked what would have been the result had counts 3 and 4 never been returned by the grand jury and the case gone to trial solely on counts 1 and 2? If Woods were shown, in fact, to have possessed the heroin found in all three locations, would it all have been admissible as proof of his possession under count 1? Would not the government's proof that he was in possession of any one of the three quantities of heroin have been sufficient to support his conviction under count 1, any variance in the weight between that described in the count and that introduced into evidence being immaterial? If this were so, how then could he have been charged with several separate but simultaneous acts of possession?

The foregoing illustrates, we think, that defendant's claim of multiplicity may, indeed, have merit.

The government relies for its claim that the counts are not multiplicitous upon *United States v. Privett*, 443 F.2d 528 (9th Cir. 1971). While there the charge in counts 2, 3 and 4 of the indictment was receiving, concealing and facilitating the concealment and transportation of heroin in separate amounts and percentages of purity described in each count, the facts are otherwise identical. The Ninth Circuit held that the counts stated three separate offenses:

Different facts as to the purity of the heroin and its location were involved in each of the counts. Different acts of the appellant were involved in each count. Since different proof was required as to each of the three counts on the charge of receiving, concealing and facilitating the concealment and transportation of differ-

ent batches of heroin, the three counts stated separate offenses.

*United States v. Privett*, 443 F.2d at 531. The Ninth Circuit cited no authority for the foregoing proposition but reinforced its conclusion by observing that it was not in any event required to examine the validity of more than one of the counts under the concurrent sentence doctrine of *Hirabayashi v. United States*, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943).

Surprisingly, we have been unable to find any authority bearing directly upon the claim of multiplicity as applied in cases of possession of controlled substances with intent to distribute them. *See generally United States v. Williams*, 480 F.2d 1204 (6th Cir. 1973). However, we find guidance in the reasoning of Judge Weick's opinion in *United States v. Jones*, 533 F.2d 1387 (6th Cir. 1976), *cert. denied*, 431 U.S. 964, 97 S.Ct. 2919, 53 L.Ed.2d 1059 (1977). Jones was convicted and sentenced on counts 1, 3 and 5 of an indictment which charged him with possession of a revolver on three separate occasions, once on the occasion of his purchase of the weapon on October 15, 1970, a second time when he was stopped by police officers during a driver's license check the following March and the third time in December, 1973 when police officers were executing a warrant for the search of his liquor store. In holding that only a single offense was intended, Judge Weick looked to the statute and its history and concluded that the congressional intent was at best ambiguous, especially where there was no proof that there was any interruption of Jones' possession of the weapon from the time it was first sold to him in October, 1970, until it was seized from his store in December, 1973. While the facts in *Jones* appear readily distinguishable from those here, we believe it is instructive that Judge Weick relied heavily upon the *more nearly analogous facts and reasoning of Crepps v. Durden*, 2 Cowp. 640, 98 Eng.Rep.

1283 (K.B.1777), in which Lord Mansfield held that a baker could lawfully be convicted but once of violation of a statute prohibiting the practice of one's trade on the Lord's Day, even though it might have been charged that he baked several loaves of bread or worked several hours on that Sunday. Judge Weick observed:

> Possession is a course of conduct, not an act; by prohibiting possession Congress intended to punish as one offense all of the acts of dominion which demonstrate a continuing possessory interest in a firearm. If Congress had wished to punish each act of dominion it could have done so easily by forbidding the acts of dominion instead of the course of conduct. In fact, Congress did declare the possessory acts of receiving and transporting firearms to be illegal, but Jones was not charged with performing such acts.

*United States v. Jones, supra*, 533 F.2d at 1391.

We recognize, of course, that the congressional history and legislative purpose behind criminal laws may vary from law to law and we do not doubt that Congress could in its wisdom so define the crimes as to create entirely separate and punishable offenses under the facts here. We recognize further that Congress, in enacting the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 *et seq.*, and subsequent amendments, was no doubt intent upon strengthening the enforcement of existing drug laws. H.Rep.No. 91–1444, 91st Cong., 2d Sess. (1970), *reprinted in 3 U.S.Code Cong. & Admin.News*, 4566, 4567 (1970). However, as long as the statute does not graduate the gravity of the crime of possession of heroin by the quantity possessed, we see no indication that Congress intended to permit a multiplication of the offenses of possession at any given time by a defendant upon evidence that the heroin may merely have been separately packaged or stashed.[1] *See*

---

1. *Gore v. United States*, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958), relied upon by the government, is inapposite. In *Gore*, the issue was whether a single narcotics sale could give rise to convictions for violating three different statutory provisions. In sustaining the convictions, the Court reaffirmed the rule of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct.

**514**

*United States v. Williams,* 480 F.2d 1204, 1205 (6th Cir. 1973). That the government might have been able under one count or any one of the three counts to have obtained a conviction by proof of the defendant's possession on the date in question of any one of the separate parcels of heroin is in our view a fully adequate assurance that the government's dragnet against dope peddlers is comprehensive and effective. Furthermore, there is ample leeway in the sentencing potentialities for but one conviction to take into account the overall amounts of heroin involved in the crime.

 Appellant raises numerous other issues, none of which merits extended discussion. The facts known to the arresting officer provided ample probable cause to arrest Woods. The district judge properly found in *United States v. Upthegrove,* 504 F.2d 682 (6th Cir. 1974), ample authority for the propriety of the warrantless search of the Opel and seizure of the evidence found in it under the exigent circumstances which existed in the motel parking lot. The competence of the drug enforcement agent to testify considering street usage, value and distribution methods of narcotics was fully established. The trial court did not err in refusing to declare a mistrial when it appeared that one juror had neglected to disclose that her husband had been a police officer years earlier and that another juror had dated one of the less important government witnesses in years past. In this respect the court was careful to inquire into the possibility of prejudice to the defendant and found none. There was no error in the court's refusal to instruct the jury concerning circumstantial evidence in the manner requested by counsel for the defense. In

short, no error intervened in the case to deny the defendant a fair trial.

Accordingly, we affirm the convictions for counts 1 and 2 and the sentence for count 2. The case is remanded to the district court with instructions to vacate the sentence under count 1 and the convictions and sentences under counts 3 and 4.

---

180, 76 L.Ed. 306 (1932), which, as noted above, provides that two offenses can derive from the same act if each provision requires proof of a fact which the other does not. *See generally* 1 C. Wright, Federal Practice and Procedure § 142 (1969).

Here we are not concerned with whether a single act violates a multiplicity of statutes as in *Gore* and *Blockburger.* Rather, we face what the Supreme Court has recognized to be a different issue: whether a course of conduct— here, possession with intent to distribute—can

result in multiple violations of the same statute. *Gore, supra,* 357 U.S. at 391, 78 S.Ct. 1280; *United States v. Universal C.I.T. Credit Corp.,* 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260 (1952). Our court has held that the "same facts" test in *Blockburger* is inapplicable to offenses charging a course of conduct, at least where Congress has not indicated the appropriate unit of prosecution. *Jones, supra,* 533 F.2d at 1391–92. *But cf. United States v. Agy,* 374 F.2d 94, 95 (6th Cir.) (per curiam), *cert. denied,* 389 U.S. 881, 88 S.Ct. 123, 19 L.Ed.2d 175 (1967).