**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kenneth Neal HANSON, Defendant–Appellant.**

**No. 87–5318 Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Jan. 13, 1988.

John F. O'Donnell (Court-appointed), Ft. Lauderdale, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., Sandra M. Kabboush, Linda C. Hertz, Sonia E. O'Donnell, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before KRAVITCH, HATCHETT and ANDERSON, Circuit Judges.

KRAVITCH, Circuit Judge.

Kenneth Hanson appeals from his convictions of conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, and distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b), and 846. He also appeals from the denial of his post-trial motions for acquittal and for a new trial. We affirm.

Appellant alleges that the government failed to prove an essential element of each count of the indictment and thus that his convictions should be reversed. The indictment contains three counts charging appellant and his codefendants with the offenses of conspiracy, and of possession and distribution of a controlled substance. Each count of the indictment specifies that "[t]he amount of such controlled substance ... was at least one (1) kilogram of cocaine."

At trial, the government established through the testimony of a Drug Enforcement Administration ("DEA") chemist that 1001 grams of a powder mixture containing cocaine hydrochloride, a Schedule II narcotic drug,[1] were seized from appellant and his codefendants. The government further established that 86 percent, or 861 grams, of the powder mixture represented cocaine hydrochloride. The DEA chemist conceded on cross-examination, however, that the remaining fourteen percent of the powder mixture, if it could be isolated, represented a substance not proscribed by Schedule II. Accordingly, appellant contends that the government failed to establish all of the essential elements of each count of the indictment because it failed to show that at least 1000 grams of a substance proscribed by Schedule II, cocaine hydrochloride, were seized from him.

■■■■ We disagree with appellant's argument that the government had to prove that it had seized 1000 grams of pure cocaine from him. The version of 21 U.S.C. § 841[2] in effect at the time of appellant's indictment and trial indicates that Congress did not intend that the government only prosecute offenders based on the pure amount of the controlled substance which had been seized from them. The penalty provisions of that statute, contained in subsection (b)(1)(A)(ii), referred to a person who was convicted of violating the substantive provisions of the statute[3] where "a kilogram or more of any other controlled substance in schedule I or II which is a *narcotic drug*" was involved. (Emphasis added). The definition of "narcotic drug," an operative term of section 841, appears at 21 U.S.C.A. § 802(17). According to this statute:

The term "narcotic drug" means any of the following....:

(D) Cocaine, its salts, optical and geometric isomers, and salts of isomers.

(F) *Any compound, mixture, or preparation which contains any quantity of any of the substances referred to in subparagraphs (A) through (E).*

21 U.S.C.A. § 802(17) (West Supp.1987) (as amended by Pub.L. No. 98–473, § 507(b), 98 Stat. 2071 (1984)) (emphasis added). Although this statutory provision speaks to the penalty which may be imposed for a conviction, rather than to the substantive offense, it indicates, contrary to appellant's assertion, that cocaine need not be of 100

---

1. 21 U.S.C.A. § 812 establishes and contains five schedules of controlled substances. Schedule II includes:

    (a)(4) Coca leaves except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed; cocaine, its salts, optical and geometric isomers, and salts of isomers ... or any compound, mixture, or preparation which contains any quantity of any of the substances referred to in this paragraph.

2. This version was in effect on September 30, 1986. The statute has since been amended.

3. 21 U.S.C. § 841(a), which provides in part:
    (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
    (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance....

21 U.S.C.A. § 812, Schedule II § (a)(4) (West Supp.1987).

percent purity to constitute a "controlled substance" subject to prosecution. *See also United States v. Juarez,* 573 F.2d 267, 278 (5th Cir.) (where indictment alleged that five ounces of heroin were involved and proof at trial indicated that the substance in question was comprised of 23.63 grams of pure heroin mixed with heroin hydrochloride salt, there was no variance), *cert. denied,* 439 U.S. 915, 99 S.Ct. 289, 58 L.Ed.2d 262 (1978);[4] *United States v. Woods,* 568 F.2d 509, 512 (6th Cir.) ("the evidence at trial need not establish the precise amount of heroin alleged in the indictment.... [n]or need the precise percentage of purity thereof be shown."), *cert. denied,* 435 U.S. 972, 98 S.Ct. 1614, 56 L.Ed.2d 64 (1978).[5]

Moreover, even if 1000 grams of pure cocaine were required under the indictment, appellant has not shown that such a variance between the indictment and the proof given at trial in any way prejudiced him. "In order for a variance to be fatal, thus mandating reversal, it must affect the substantial rights of the accused either (1) by insufficiently informing him of the charges against him such that he is taken by surprise and prevented from presenting a proper defense, or (2) by affording him insufficient protection against reprosecution for the same offense." *United States v. Sheikh,* 654 F.2d 1057, 1066 (5th Cir.1981), *cert. denied,* 455 U.S. 991, 102 S.Ct. 1617, 71 L.Ed.2d 852 (1982), citing *United States v. Juarez,* 573 F.2d 267, 278–79 (5th Cir.), *cert. denied,* 439 U.S. 915, 99 S.Ct. 289, 58 L.Ed.2d 262 (1978). *See also Berger v. United States,* 295 U.S. 78, 82, 55 S.Ct. 629, 630, 79 L.Ed. 2d 1314 (1935). Appellant was not preju-

diced by the alleged variance; he was not "taken by surprise and prevented from presenting a proper defense." *United States v. Carter,* 721 F.2d 1514, 1533 (11th Cir.), *cert. denied,* 469 U.S. 819, 105 S.Ct. 89, 83 L.Ed.2d 36 (1984). Nor has appellant argued that conviction under this indictment would subject him to double jeopardy. Therefore, the alleged discrepancy between the indictment and the facts established at trial could not serve as a basis for reversing appellant's conviction.

Appellant's allegations of prosecutorial misconduct are meritless and do not warrant discussion. Accordingly, we AFFIRM appellant's conviction and sentence, and the denial of his post-trial motions.

AFFIRMED.

---

**4.** The Eleventh Circuit, in the in banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**5.** After appellant was arrested and indicted, Congress amended § (a) of Schedule II to include:

(4) coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed; cocaine, its salts, optical and geometric isomers, and salts of

isomers; ecgonine, its derivatives, their salts, isomers, and salts of isomers; *or any compound, mixture, or preparation which contains any quantity of any of the substances referred to in this paragraph.* Criminal Law and Procedure Technical Amendments Act of 1986, Pub.L.No. 99–646, 100 Stat. 3592, 3619–3620 (1986) (emphasis added). This amendment of course does not apply to appellant, but it makes clear for the future Congress' intent that a mixture of cocaine and other substances constitutes a "controlled substance" under the law.