875 F.2d 868
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guillermo CARDENAS, Defendant-Appellant.
 No. 88-5530.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1989.
 
 Before KEITH, and KENNEDY, Circuit Judges, and RICHARD B. McQUADE, Jr., District Judge.*
 PER CURIAM.
 
 
 1
 Guillermo Cardenas (defendant) appeals his conviction for distribution of cocaine in varying amounts in violation of 21 U.S.C. Secs. 841(a)(1), 846 and 18 U.S.C. Sec. 2, and for use of a telephone to facilitate a felony in violation of 21 U.S.C. Sec. 843(b). On appeal, defendant argues that he was prejudiced by the government's failure to prove at trial the quantity of cocaine alleged in the indictment and by the trial judge's decision to allow the repeated recall of a prosecution witness. Defendant also challenges the sufficiency of the evidence. We find defendant's arguments to be without merit and therefore affirm.
 
 
 2
 The prosecution's case against defendant depended primarily on the testimony of three people--Julian Chestnut, a codefendant who pleaded guilty, Nate Boyington, an individual who had previously called in tips to law enforcement agencies in exchange for rewards, and Detective Dawn Fleets, the undercover agent on the case. Chestnut testified that he and defendant had been involved in selling drugs on numerous occasions in late 1987.
 
 
 3
 Chestnut stated that he was introduced to Detective Fleets through an acquaintance of the defendant, Mr. Boyington.
 
 
 4
 After defendant provided him with the pager numbers of both defendant and Chestnut, Boyington set up a meeting between defendant, Chestnut and himself, which occurred on October 6, 1987 under police surveillance. Through use of a transmitter provided to Boyington, the surveillance teams monitored a conversation concerning the sale of an "eight ball" (one-eighth of an ounce) of cocaine to a third party. Shortly after the meeting, Chestnut again met Boyington, this time accompanied by Fleets, and sold Fleets an "eight ball" of cocaine. Chestnut later testified that he obtained this cocaine from defendant. This meeting was also under surveillance.
 
 
 5
 Chestnut subsequently made two more sales of cocaine to Fleets. The first sale on October 7, 1987, involved one ounce of cocaine and the second, on October 9, 1987, involved two ounces. In both instances, Chestnut later testified that his supplier of cocaine was defendant.
 
 
 6
 After Fleets indicated a desire to purchase larger quantities of cocaine, Chestnut introduced Fleets to defendant as Chestnut's partner in the drug business. In a subsequent conversation between defendant and Fleets recorded by the police, defendant and Fleets discussed the price and quality of cocaine for future purchases in amounts of one-half kilogram or larger. In subsequent recorded conversations, defendant apologized to Fleets for delays and told Fleets that he paid Chestnut to be the middleman in the cocaine transactions so that defendant himself need not be present at the transactions.
 
 
 7
 After continued contact, defendant arranged for a meeting between Fleets and Chestnut at the Louisville Airport for the sale of one-half kilogram of cocaine. Chestnut arrived at the airport carrying only a bag of sugar, he testified, because he intended to provide Fleets with the real cocaine, held by defendant several blocks away, only if she were not a police officer. Upon meeting Chestnut, Fleets requested a sample of the package contents. Chestnut testified that he was arrested as he was leaving to get a sample of the real cocaine from defendant. Defendant was subsequently arrested.
 
 
 8
 On November 4, 1987, a Federal Grand Jury indicted defendant on five counts. Count one charged conspiracy to possess with intent to distribute five kilograms of cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Counts two, three, and four charged possession with intent to distribute one-eighth ounce, one ounce, and two ounces of cocaine, respectively, all in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Count six charged defendant with use of a telephone to facilitate a felony (the distribution of cocaine) in violation of 21 U.S.C. Sec. 843(b).
 
 
 9
 After a two day trial, the jury found defendant guilty. Defendant was sentenced to six years on counts one through four, and four years on count six to be served concurrently. Defendant was also ordered to pay $2,389.00 in restitution and was placed on supervised release for three years on each of counts two through four, the terms to run concurrently.
 
 
 10
 Defendant first argues that an impermissible variance between the indictment and the proof requires reversal of his conviction because the indictment alleged conspiracy with intent to possess and distribute a total of five kilograms of cocaine, but the proof at trial established the existence of only 90 grams. We reject defendant's first argument because a conviction for possession with intent to distribute requires the government to prove only that the defendant possessed a measurable amount of the narcotic. United States v. Woods, 568 F.2d 509, 512 (6th Cir.), cert. denied, 435 U.S. 972 (1978). In this case, the government proved possession of a measurable amount of cocaine. Thus, defendant has not established that the variance affects a substantial right. See United States v. Kelley, 849 F.2d 999, 1002 (6th Cir.1988). Furthermore, the amount charged in the indictment did not prejudice defendant's sentencing because he received six years imprisonment on count one, whereas the penalty provision of section 841 mandates a minimum sentence of ten years for possession of five kilograms of cocaine. See 21 U.S.C. Sec. 841(b)(1)(A).
 
 
 11
 Defendant argues that the trial judge erred in permitting the government to recall witness Chestnut. The trial judge is given wide discretion to control the mode and order of proof at trial. Reversal is proper only if defendant's substantial rights have been affected. United States v. Vinson, 606 F.2d 149, 152 (6th Cir.1979), cert. denied, 444 U.S. 1074 (1980); Fed.R.Evid. 611(a). We find no abuse of discretion in the trial court's decision permitting the government to recall Chestnut. Furthermore, none of the questions asked of Chestnut on recall significantly prejudiced defendant's case.
 
 
 12
 Finally, defendant alleges that the evidence presented was insufficient to sustain the jury's verdict. Reviewing the evidence in the light most favorable to the government, see, e.g., United States v. Adamo, 742 F.2d 927, 932 (6th Cir.1984), cert. denied, sub. nom., 469 U.S. 1193 (1985), we find the evidence to be sufficient to support the jury's conclusion. The evidence presented showed defendant's extensive involvement with the sale of narcotics and his connections to the sales between Chestnut and Fleets.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable Richard B. McQuade, Jr., United States District Judge for the Northern District of Ohio, sitting by designation