JUSTICE HUNT,
dissenting:
I dissent. The majority again appears to abandon “probable cause” for “remote possibility.”
The purpose of the search warrant provision of the Fourth Amendment to the United States Constitution is that the long and powerful arm of the law may not reach into and disrupt people’s lives without reason. The four corners of the warrant must contain facts sufficient to show that it is more probable than not that fruits of a crime will be found.
Here we have almost 20 fully armed officers of the law descending on a person’s home, some of whom stay and turn it upside down for five hours. What facts justify this drastic incursion into the defendant’s life? The four comers of the search warrant contain: two stale informants’ tips; one tipster who said he had seen a lab but offered no detail at all regarding it; one tipster said to be reliable but with no basis for the reliability given in the application; and “corroboration” by the police of these outdated or flimsy tips consisting of verifying that the suspect’s residence was in fact where the tipsters said it was. The application also states that two officers walking a distance equal to one-half of a football field, “detected an odor similar to that of chemicals [which were never found] used in the production of methamphetamine.”
The chemicals used in the production of methamphetamine are common compounds. They are not, like the odor of burning marijuana, indicative of criminal activity. Nor is it suspicious that the defendant’s residence was located where the tipsters said it was. So, we base a warrant on no independent corroboration of not necessarily *181 reliable tips, and it justifies a five hour search of a person’s house. This is not within the contemplation of even the relaxed Gates standards for probable cause, let alone within the parameters of the Fourth Amendment.
I must continue to dissent to opinions which leave open the door to illegal incursion into homes and lives of citizens. If anything, Montana’s probable cause standard should be higher than the federal standard, consistent with our expressed constitutional right to privacy. Further, the recurrence in this Court of tenuous probable cause showings proves the point that as long as we allow questionable warrants to stand, the courts of this state will continue to be clogged with appeals from diligent readers of the state and federal constitutions.
I dissent to the second issue in the majority opinion because the warrant makes no showing that the confidential informant is rehable. In the absence of any additional information, the defendant is unable to question the application to determine if the informant even exists, let alone is reliable.
I dissent to the third issue in the majority opinion. The majority’s unprecedented decision that a suspect maybe charged with separate felony counts for the same drug found on the person and on the premises is alarming.
The majority relies on Blockburger to support its conclusion that each of Crowder’s two possession charges necessitated proof of a fact that the other did not. Blockburger provides that two offenses can derive from the same act if each provision requires proof of a fact which the other does not. The majority here concludes that because it characterizes one possession as “actual” and one as “constructive,” different proof was required for each, and therefore, the Blockburger test applies.
But the fact is that it is the possession of the particular drug, whether actual or constructive, that is the single item to be proved. Sale of drugs presents a different situation, as each sale is a separate transaction. And separate drugs are meant to be prosecuted separately, as we stated in State v. Meadors, cited by the majority. But as the majority points out but then fails to follow, “when the defendant possesses ‘the same controlled substance in the same place at the same time, he commit[s] only one act of possession.’ ” Citing United States v. Johnson, 909 F.2d 1517, 1519 (D.C.Cir. 1990). (Emphasis added.)
In United States v. Woods, 568 F.2d 509 (6th Cir. 1978), the Sixth Circuit Court of Appeals stated, regarding heroin possession:
*182 “[A]s long as the statute does not graduate the gravity of the crime of possession of heroin by the quantity possessed, we see no indication that Congress intended to permit a multiplication of the offenses of possession at any given time by a defendant upon evidence that the heroin may merely have been separately packaged or stashed.
Woods, 568 F.2d at 513 (Emphasis added.). Woods also explains that the sentencing potentialities permit one conviction to accommodate an inclusive possession conviction. See also, United States v. Williams, 480 F.2d 1204 (6th Cir. 1973), (holding that only one offense should have been charged when four separate packages of the same drug were found). Further, the cases the majority cites as upholding “separate convictions based on the manner of possession, actual or constructive” are not analogous to the facts before us. United States v. Briscoe, 896 F.2d 1476 (7th Cir. 1990), upholds three separate charges where drugs were smuggled into the country in the body cavities of three different women. United States v. Rich, 795 F.2d 680 (8th Cir. 1986), upholds separate charges for drugs found on a man’s person at an airport, and later at his home. Neither presents a case, like Crowder’s, of separate charges for possession “in the same place at the same time.”
The decision to charge separate possessions of the same drug separately has serious implications. Overzealous prosecutors may find themselves able to charge a marijuana grower separately for each plant, or a methamphetamine manufacturer for each package of separately stored contraband. This departure should not be condoned by this Court.
I would vacate the sentence and remand to the District Court.
JUSTICE TRIEWEILER concurs in the dissent of Justice Hunt.