**UNITED STATES of America, Appellee,**

v.

**James Wayne JOHNSON, Appellant.**

**No. 83–1014.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 17, 1983.

Decided June 23, 1983.

Thomas M. Kelly, Minneapolis, Minn., for appellant.

James M. Rosenbaum, U.S. Atty., Joseph T. Walbran, Asst. U.S. Atty., Dist. of Minn., Minneapolis, Minn., for appellee; Steven Rolsch, Legal Intern.

---

Before HEANEY, Circuit Judge, FLOYD R. GIBSON and ROSENN,* Senior Circuit Judges.

PER CURIAM.

James Wayne Johnson was indicted on three counts of receiving firearms previously shipped or transported in interstate commerce while a convicted felon, in violation of 18 U.S.C. §§ 922(h)(1) & 924(a) (1976), and on one count of possessing firearms in or affecting commerce while a convicted felon, in violation of 18 U.S.C. app. § 1202(a)(1) (1976). Johnson waived a jury trial and the district court tried the case on the basis of stipulated facts. On July 27, 1982, the court found Johnson guilty on all four counts. Johnson was sentenced to three five-year terms on the first three counts, to be served consecutively, and to a two-year term on the fourth count, to be served concurrently with his other terms. Johnson appeals and we affirm as to all four counts.

■ Johnson initially asserts that the affidavit underlying the warrant to search his Minneapolis-area residence on March 11, 1982, was insufficient. That search produced the weapons which were the basis of his present conviction. We disagree with this assertion. In our view, the affidavit was more than sufficient to establish probable cause to issue the search warrant. It established evidence of Johnson's unlawful possession of firearms by virtue of a named informant's statements to a California detective in the course of a connected drug/murder investigation. That informant related specific circumstances surrounding her observations of Johnson with firearms in his Minneapolis-area residence in February of 1982, and her reliability was supported by the fact that she led detectives directly to the victims' bodies in the California drug/murder case. *See Aguilar v. Texas,* 378 U.S. 108, 114–115, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723 (1964). In addition, the affidavit established that the de-

claring officer had independent knowledge that Johnson was a convicted felon, making his possession of firearms a federal crime. These circumstances, viewed in their entirety, established probable cause to search Johnson's residence for weapons. *See United States v. Sumpter,* 669 F.2d 1215, 1218 (8th Cir.1982).

■ Johnson next asserts that the officers searching his residence on March 11, 1982, had no authority to remove a floor safe from his bedroom and later open it at the police station without his consent. That safe contained two of the weapons used to convict Johnson. There is no merit to this assertion. A search warrant authorizing the search of defined premises also authorizes the search of containers found on that premises which reasonably might conceal items listed in the warrant. *United States v. Ross,* 456 U.S. 798, 820, 102 S.Ct. 2157, 2170, 72 L.Ed.2d 572, 591 (U.S.1982) (dictum); *United States v. Wright,* 704 F.2d 420, 422–423 (8th Cir.1983) (per curiam). Johnson refused to open the safe when it was first discovered by the officers. Because they were authorized to open it under the warrant at that time, they did not need a second warrant to complete the search of the safe at the police station later.

■ Johnson finally contends that the evidence was insufficient to show that he ever received or possessed the two weapons listed in the first two counts and the fourth count of the indictment, or that his receipt of the weapon listed in Count II was a transaction separate from his receipts of the weapons in Counts I and III. We disagree. Johnson's possession of each of the weapons listed in the indictment reasonably could be inferred from the stipulated facts considered by the district court. In particular, the California informant would have testified that she saw Dale Nelson, Johnson's nephew, "return" a weapon similar to that listed in Count I to Johnson during the informant's visit at the Johnson residence in February of 1982. During that same

---

* The Honorable Max Rosenn, Senior Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

visit, she saw Johnson exercise personal control over the floor safe in which the officers found the weapons listed in Counts II and III. In addition, William Fox, a friend of Johnson, would testify that he sold the gun listed in Count III to Johnson. Finally, a licensed gun dealer in Minneapolis would testify that he sold Johnson's nephew the gun listed in Count I. From these stipulated facts, the court reasonably could infer that Johnson did in fact possess each of the three weapons listed in the indictment, individually in Counts I–III for receipt, and collectively in Count IV for possession. Possession is circumstantial evidence of Johnson's prior receipt of these weapons. *Cf. United States v. Haley,* 500 F.2d 302, 304 (8th Cir.1974) (possession evinces receipt under separate criminal provision). The evidence of possession, coupled with other stipulated facts regarding the source of each weapon in this case, is sufficient to establish Johnson's possession and receipt of all firearms listed in the indictment.

■ We have held that 18 U.S.C. § 922(h)(1) (1976) requires that simultaneous receipt of several firearms be charged in a single count, rather than charging a separate count for each firearm received in a single transaction. *United States v. Powers,* 572 F.2d 146, 150–152 (8th Cir.1978). The stipulated facts herein, however, support the conclusion that Johnson's receipts of the weapons listed in the first three counts of the indictment were in fact separate transactions. Those facts indicate that (1) Johnson received the R.P.B. Industries Model M10 .45 caliber semi-automatic pistol listed in Count I from his nephew Dale Nelson sometime after Nelson purchased the weapon on December 4, 1981; (2) Johnson received the Detonics .45 caliber semi-automatic pistol listed in Count II from some California friends visiting his Minneapolis-area residence around February 19, 1982; and (3) Johnson purchased the Astra 9 millimeter semi-automatic pistol listed in Count III from William Fox in April of 1981. Johnson could not have received the R.P.B. .45 caliber weapon from Nelson in the same transaction as his receipt of the Astra 9 millimeter pistol because Johnson purchased the Astra from Fox several months before Nelson acquired the R.P.B. from the Minneapolis gun dealer. As for the Detonics .45 caliber weapon, the evidence indicates that Johnson received it directly from his California friends in February of 1982 without any connection to either Nelson or Fox.

Therefore, the judgment of conviction is affirmed.