Presumably, the bankruptcy court considered the alternatives available under § 546(c)(2)(B) and rejected it in favor of § 546(c)(2)(A). The district court was accordingly correct in granting an administrative expense claim.

UNITED STATES of America, Appellee,

v.

**Robert Kenneth RICH, Appellant.**

No. 86–1034.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1986.

Decided July 18, 1986.

Thomas F. Flynn, St. Louis, Mo., for appellant.

Larry D. Hale, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, McMILLIAN and BOWMAN, Circuit Judges.

ROSS, Circuit Judge.

Robert K. Rich appeals his conviction of two counts of possession of methaqualone, two counts of possession of cocaine, and one count of possession of marijuana in violation of 21 U.S.C. § 844; one count of possession of diazepam (valium) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. Appendix § 1202(a)(1). He was sentenced to one year imprisonment on each count to be served consecutively with a one year special parole term to follow. He appeals alleging that the district court [1] erred 1) in denying his motion to suppress the evidence because his arrest was not based on probable cause; and 2) in imposing consecutive sentences for his conviction for two counts of possession of the same drug. We affirm.

---

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

## I. Backgound

The St. Louis Police Department had been conducting a surveillance of Rich's home in connection with suspected drug activity occurring within the home. A confidential source revealed to a police officer that he had seen quantities of various drugs and firearms in Rich's home and in two specific rooms of a local hotel, and that he had discussed drug matters with Rich. The informant observed all of the above within 96 hours prior to Rich's arrest. The police began a surveillance of the motel and observed Rich, and another man known to them to be involved in drugs, leaving a motel room to get a suitcase out of a car registered to Rich. The men returned the suitcase to the car and transferred several cellophane wrapped items from a briefcase to the suitcase. Rich then drove to the St. Louis airport where he parked and went to the outdoor baggage check-in area with the suitcase and briefcase mentioned above. At this point officers approached Rich, informed him that he was under arrest and seized the suitcase and the briefcase. A search of Rich revealed methaqualone and cocaine. The police subsequently obtained search warrants for Rich's luggage, home, and the motel rooms which Rich had been seen entering. Methaqualone and cocaine were found in the luggage, and methaqualone, cocaine, diazepam, marijuana, and a gun were found in his home. The items found on Rich's person and in his luggage became the basis for the first two counts of the indictment, and the items seized from his home became the basis for the other five counts.

## II. Probable Cause

▮▮▮ Rich first contends that the officers lacked probable cause for making his arrest. We find this contention to be without merit. Probable cause is established if "at the moment [of the arrest] the facts and circumstances within [the officers] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). This standard was clearly met. The suspicious events the officers witnessed, combined with the information supplied by their informant, would lead a prudent man to believe that an offense was being committed. Moreover, the court does not merely look to the actual knowledge of the arresting officer, but to the combined knowledge of all of the officers involved. *United States v. Rose*, 541 F.2d 750, 756 (8th Cir.1976). Consequently, it is clear that the officers had probable cause to arrest Rich.

▮▮▮ Rich's contention that the subsequent search warrants were invalid is also unfounded. If a common sense decision based on all surrounding circumstances demonstrates a fair probability that contraband or evidence of a crime will be found in a certain place, then issuance of a search warrant is proper. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). Because the informant told the police that he had seen various drugs and a gun in Rich's house and only two different drugs were found on his person, it was reasonable for them to assume that more drugs and the gun were either in Rich's suitcase, home, or motel room.

## III. Double Jeopardy

▮▮▮ Rich contends that he can only be charged once for each type of drug he possessed, regardless of how many different locations it was kept in. An activity creates multiple offenses when each count requires proof of an additional fact which the other does not. *United States v. Griffin*, 765 F.2d 677, 682 (7th Cir.1985); *United States v. Herzog*, 644 F.2d 713 (8th Cir.1981); *United States v. Schrenzel*, 462 F.2d 765 (8th Cir. 1972); *United States v. Agy*, 374 F.2d 94 (6th Cir.1967). If different evidence is necessary to prove each of the counts (i.e. evidence as to location, quantity or purity), then each count is a separate offense. *United States v. Privett*, 443 F.2d 528, 531 (9th Cir.1971). Rich may or may not be correct in his contention

that if all of the drugs were found in different packages in the same location only one possession charge would be appropriate. *See, e.g., United States v. Woods,* 568 F.2d 509 (6th Cir.1978); *United States v. Williams,* 480 F.2d 1204 (6th Cir.1973). However, that fact situation is not present. Here the drugs were found in two separate and distinct locations. Moreover, Rich had actual possession of the drugs found on his person and constructive possession of the drugs found in his home. Consequently, for each possession the facts as to location, quantity and manner of possession are different.

It is clear that the same evidence could not be used to prove both possessions. Therefore, each possession constitutes a single offense for which Rich can be separately charged and sentenced.

Judgment affirmed.