**UNITED STATES of America, Appellee,**

v.

**Kevin DIXON a/k/a Kevin E. McElroy a/k/a Mac Attack, Appellant.**

**No. 89–2706.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 27, 1990.

Decided Dec. 21, 1990.

Lee Lawless, Public Defender, St. Louis, Mo., for appellant.

Steven Holtshouser, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.

WOLLMAN, Circuit Judge.

A jury convicted Kevin Dixon of one count of conspiracy to distribute cocaine and two counts of possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1). The district court[1] imposed a sentence of 84 months' imprisonment and four years' supervised release. We affirm in part and reverse and remand in part.

## I.

Dixon, with co-conspirators, set up a drug distribution operation in St. Louis. Police officers obtained search warrants for rooms 204 and 212 in the hotel from which Dixon and his cohorts conducted their enterprise. Before executing the warrant, the officers observed Dixon leave room 212, walk down an exterior hallway, and enter room 204. As Dixon later left the hotel, the officers stopped him and a co-conspirator and took them directly back to room 212. The officers found underneath the bed in room 204 numerous bags of white powder later identified as cocaine. The officers arrested Dixon in room 204 and searched him incident to his arrest. They recovered cocaine from his coat pocket.

Count II of the indictment charged Dixon and two others with possession of cocaine in excess of 500 grams with the intent to distribute, in reference to the cocaine found underneath the bed in room 204. Count III charged Dixon alone with possession with the intent to distribute an unspecified

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

amount of cocaine, reflecting the drugs found in Dixon's pocket. Dixon challenges the indictment as multiplicitous.

## II.

■ The term "multiplicity" refers the charging of a single offense in several counts. The vice of this practice is that multiple sentences may result. Likewise, it may suggest to the jury that the defendant committed more than one crime. *United States v. Kazenbach*, 824 F.2d 649, 651 (8th Cir.1987). *See* 1 C. Wright, Federal Practice and Procedure § 142, at 469, 475–76 (1982).

■ The government argues that it charged Dixon separately for the cocaine in his pocket and the cocaine underneath the bed in compliance with our opinion in *United States v. Rich*, 795 F.2d 680, 682 (8th Cir.1986). In *Rich*, police found cocaine in the defendant's suitcases at the airport and later in his home—at two separate and distinct locations and times, with different intended criminal transactions. *Rich* is not analogous to the facts of this case, where Dixon possessed separate packages of cocaine of the same purity, in the same hotel room location, at the same time.

We found in *United States v. Wright*, 704 F.2d 420, 423 (8th Cir.1983), that possession of two distinct quantities of illicit drugs, within the same room but in two different containers, constituted only one offense. We perceive Dixon's situation to be equivalent to that in *Wright*. Dixon held one small quantity of cocaine in his pocket of the same purity as the bulk of the drugs. Dixon intended the sample in his pocket not as the object of an independent transaction, but as a specimen of the larger criminal enterprise. We agree with Dixon that his contemporaneous possession of both quantities of cocaine constituted only one offense and that the indictment should therefore have charged only one count of possession.

## III.

■ Dixon challenges the sufficiency of the affidavit supporting the search warrant. Dixon argues the affidavit did not adequately report the reliability and veracity of the informant and lacked independent corroboration of the information. We disagree. The affidavit described the informant's past reliability, demonstrated by information that "led to at least 3 felony narcotics arrests with warrants issued and a large amount of drugs seized." This was sufficient. *See United States v. Skramstad*, 649 F.2d 1259, 1262 (8th Cir.1981). Moreover, the officers verified the registration of the conspirators at the hotel in the names the informant furnished and observed movement between the two rooms the informant implicated.

The order denying the motion to suppress evidence and the judgment entered on Count I are affirmed. The judgment entered on Counts II and III is reversed and the case is remanded with directions that the government be required to elect to dismiss either Count II or Count III of the indictment, following which the district court shall resentence Dixon on the remaining counts.