UNITED STATES of America, Appellee,

v.

Kenneth Jerry MARTIN, Appellant.

No. 90–1899.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 11, 1991.

Decided May 7, 1991.

Alan Stoler, Omaha, Neb., for appellant.

Stephen Patrick O'Meara, Omaha, Neb., for appellee.

Before MAGILL, Circuit Judge, ROSS, Senior Circuit Judge, and HUNTER,* Senior District Judge.

---

* The HONORABLE ELMO B. HUNTER, Senior United States District Judge for the Western District of Missouri, sitting by designation.

ROSS, Senior Circuit Judge.

Appellant Kenneth Jerry Martin appeals from a final judgment entered in the District Court for the District of Nebraska [1] upon a jury verdict finding him guilty of one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Martin was sentenced to 36 months imprisonment under the Federal Sentencing Guidelines. Three counts from a ten count indictment were submitted to the jury. Count I charged Martin with conspiracy to distribute and possess with intent to distribute marijuana; Counts III and IV charged Martin with money laundering. Following deliberations, the jury returned a verdict of guilty on Count IV (money laundering), and of not guilty on Count I (conspiracy) and Count III (money laundering).

On appeal, Martin raises three issues. First, he argues that the jury verdict finding him guilty of money laundering was not supported by substantial evidence. Second, Martin argues that the two separate counts of money laundering arose from a single, ongoing transaction and that the indictment charging him with two separate counts was mutiplicious. Finally, Martin asserts that the jury verdict finding him guilty of one count of money laundering and not guilty of another count of money laundering was inconsistent. We affirm the judgment of the district court.

This case involves a wide-ranging criminal conspiracy to possess and distribute marijuana in the Omaha area from about July 1984 to March 1989. It was alleged at trial that appellant Kenneth Jerry Martin sold shares of stock in his company, McMartin Industries, and that the money used to purchase that stock was the proceeds from marijuana sales. Lewis Dyke, a business associate and friend of Martin's, found potential investors in McMartin Industries, including Jett Lanoha and Mario Ruiz, who were involved in the marijuana conspiracy. It was alleged that on two separate occasions Lewis Dyke arranged the purchase of McMartin Industries stock from Martin with the proceeds from the marijuana conspiracy, first in January 1987 for $7,500 in cash, and then in April of 1987 for $15,000 in cash. These two transactions formed the basis of the money laundering charges in Counts III and IV of the indictment.

█ Martin first argues on appeal that the evidence against him was insufficient to support the money laundering conviction, which required that the government prove that Martin knowingly conducted a financial transaction which involved the proceeds of marijuana distribution and that he did so with the knowledge that the transaction was designed to disguise the nature, source or ownership of those proceeds. *See* 18 U.S.C. § 1956(a)(1)(B)(i). When reviewing for sufficiency of the evidence, the reviewing court must examine the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences. The court will reverse only if it concludes that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Ivey*, 915 F.2d 380, 383 (8th Cir.1990).

█ The government contends that more than sufficient evidence existed to prove that Martin knew that the proceeds from marijuana sales were used to purchase the stock and that the transaction was designed to conceal the ownership of those proceeds. The evidence at trial showed that the $15,000 stock purchase was in cash; the stock certificate was issued in the name of Lewis Dyke, the middleman, rather than Jett Lanoha and/or Mario Ruiz, who were the alleged purchasers of the stock; there was clear testimony indicating that Martin was involved in several different conversations during which it was discussed that the money for the stock purchase was acquired from marijuana sales; and finally, testimony indicated that Martin was involved in discussions of other possible investments of the proceeds from the marijuana distribution.

---

**1.** The Honorable William G. Cambridge, United States District Judge for the District of Nebraska.

Based on this evidence and a review of the entire record, we conclude that the government presented sufficient evidence from which a jury could find each element of the money laundering offense beyond a reasonable doubt.

Martin next argues that Counts III and IV of the indictment, which both charged Martin with money laundering, were multiplicious. Martin contends that payments of money from Lewis Dyke to Martin for stock was of an ongoing nature and, therefore, constituted a single continuous transaction which could not form the basis of two separate criminal offenses.

The government argues, on the other hand, that Martin is alleged to have engaged in a series of separate financial transactions. The first transaction (Count III) was in January 1987 and was for the purchase of McMartin stock for $7,500 cash and involved only Lewis Dyke. The second transaction (Count IV), which occurred in April of 1987, was for the purchase of stock for $15,000 cash and involved Lewis Dyke, Mario Ruiz and Jett Lanoha.

■ Because Martin raises this issue for the first time on appeal, we review the merits of his claim under the plain error standard under which Martin will be granted relief only if the error "would result in a miscarriage of justice if left uncorrected." *United States v. Schmidt*, 922 F.2d 1365, 1369 (8th Cir.1991) (citations omitted). Based on the plain error standard, we find Martin's claim of multiplicity to be without merit. We note, however, that even under a less rigorous standard, Martin's claim would similarly fail.

■ The law is clear that successive overt acts may be charged as separate criminal offenses. In *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court rejected the defendant's argument that two drug sales made in close proximity constituted a single continuous transaction. The Court stated that the "test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately.... If the latter, there can be but one

penalty." *Id.* at 302, 52 S.Ct. at 181 (ellipsis in original). This court has held that "[a]n activity creates multiple offenses when each count requires proof of an additional fact which the other does not. If different evidence is necessary to prove each of the counts (i.e. evidence as to location, quantity or purity), then each count is a separate offense." *United States v. Rich*, 795 F.2d 680, 682 (8th Cir.1986).

■ Here, the two transactions involving the payment of cash for stock constituted separate financial transactions as that word is defined under 18 U.S.C. § 1956(c)(4). This court has previously held that "[t]he statute defines 'financial transaction' very broadly. The term includes the purchase, sale or disposition of any kind of property as long as the disposition involves a monetary instrument." *United States v. Blackman*, 904 F.2d 1250, 1257 (8th Cir.1990) (citation omitted). As an example, the court characterized the deposit of money in a bank and the subsequent use of that money to purchase a house as two separate transactions within the scope of the statute. *Id.*

Here, different evidence was necessary to prove each of the two counts. The transactions in Counts III and IV occurred on different dates and in different locations, and involved different amounts of money. Martin seems to argue that once he had engaged in one act of money laundering, he could continue to engage in subsequent acts of money laundering with impunity. Clearly this was not the intent of Congress. Instead, it is the individual acts of money laundering which are prohibited under section 1956(a)(1)(B)(i), and not the course of action which those individual acts may constitute. *See Blockburger, supra,* 284 U.S. at 302, 52 S.Ct. at 181. We conclude that the activities charged in Counts III and IV of the indictment were not multiplicious.

■ Finally, Martin argues that the verdict reached by the jury is inconsistent because Martin was acquitted on Count III (money laundering) and on Count I (conspiracy to distribute or possess with intent

to distribute marijuana), but was convicted on Count IV (money laundering). Martin's argument rests primarily on his belief that there was a single continuous transaction for the issuance of stock, rather than separate transactions. Martin's argument is without merit, however, in light of our previous holding that the transactions underlying Counts III and IV were separate. Therefore, the finding of guilt on one and acquittal on the other does not constitute an inconsistent verdict. Furthermore, this court has held that "inconsistency of a verdict on separate counts of an indictment does not entitle a convicted defendant to reversal of a judgment of conviction." *United States v. Bryant*, 766 F.2d 370, 376 (8th Cir.), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1985).

Based on the foregoing, the judgment of the district court is affirmed.