**UNITED STATES of America**

v.

**Larry Lane BATEMAN.**

Crim. No. 92–62–01–D.

United States District Court,
D. New Hampshire.

Sept. 23, 1992.

Arnold H. Huftalen, Asst. U.S. Atty., Jeffrey R. Howard, U.S. Atty., Concord, N.H., Bruce Taylor, Sp. Atty., U.S. Dept. of Justice, Child Exploitation & Obscenity Section, Washington, D.C., for plaintiff.

Mark F. Sullivan, Exeter, N.H., for defendant.

**ORDER**

FUSTE, District Judge, Sitting by Designation.

We have before us defendant's motion to consolidate counts, filed on September 15, 1992, Docket Document No. 30. The motion was the object of informal argument

at the status conference held on September 21, 1992. The motion requests that the government be required to consolidate and reduce its selected units of prosecution with regard to Counts 2 through 21, and 22 through 37, or a total of 37 counts, to four counts. The defendant reasons that, although the government has charged thirty-seven counts of transportation of prohibited materials in Counts 2 through 37, the affidavit in support of the search warrant that led to the seizure of the prohibited materials indicates that there were three or possibly four shipments of the material. "Just as it would be prosecutorial harassment to prosecute a person for separate crimes of bigamy for each day a bigamist lives with two wives …, so too would it be harassment to charge a separate count for each frame of an illegal film, and, by analogy, to charge a separate count for each item contained in an alleged simultaneous shipment." *Motion*, Docket Document No. 30, at 2.

The defendant claims that the indictment is multiplicitous, charging a single offense in different counts, with the risk of multiple sentences for a single offense, or otherwise suggest to the jury that the defendant committed several crimes. *United States v. Downing*, 850 F.2d 1104, 1108 n. 4 (6th Cir.1988), *cert. denied*, 493 U.S. 1025, 110 S.Ct. 732, 107 L.Ed.2d 751 (1990); *United States v. Dixon*, 921 F.2d 194, 196 (8th Cir.1990); *United States v. Marquardt*, 786 F.2d 771, 778 (7th Cir.1986).

Originally, the government's position, announced at the status conference, was to the effect that charging several items of prohibited material in a specific count may obscure the specific charge; that it may violate the defendant's constitutional right to notice of the specific charges against him, and that it may prevent the jury from separately deciding guilt or innocence with respect to each particular alleged offense conduct, thus leading to uncertainty as to whether the defendant's conviction was based on items of prohibited material or on items which do not qualify as prohibited materials. The government assured the court that the independent counts were filed to avoid notice and duplicity problems. *U.S. v. Duncan*, 850 F.2d 1104, 1108 n. 4 (6th Cir.1988).

On September 22, 1992, the government entered its formal written response to the motion. After its participation in the September 21, 1992 status conference, the government acknowledged that there is authority for the position set forth by the defendant. *United States v. Cipollone*, 951 F.2d 1057 (9th Cir.1991); *United States v. Gallardo*, 915 F.2d 149 (5th Cir.1990); *United States v. Meyer*, 602 F.Supp. 1480 (S.D.Cal.1985).[1] Prompted by the contents of the government's written response, a telephone conference was held on September 22, 1992. The matter was further discussed and the government agreed that the best course of action was to consent to the granting of defendant's motion to consolidate counts. The consolidation will reduce the counts to four, as follows:

### COUNT ONE

In or about December 1990, in the District of New Hampshire and elsewhere, defendant

### LARRY LANE BATEMAN

knowingly shipped in interstate commerce visual depictions of a minor engaged in sexually explicit conduct, to wit, polaroid type photographs, the production of which visual depictions involved the use of a minor engaged in sexually explicit conduct.

---

1. These cases, cited by the government as authority supporting defendant's proposition, were not decided on the basis of duplicity or multiplicity principles under Fed.R.Crim.P. 7 and 8. These cases considered grouping of child pornography offenses for sentencing purposes. Under U.S.S.G. § 3D1.2, all counts involving substantially the same harm shall be grouped together into a single group for sentencing purposes. Although the charged offense, 18 U.S.C. § 2252 (U.S.S.G. § 2G2.4), is not specifically included or excluded from the application of the grouping principles under U.S.S.G. § 3D1.2, grouping in this case may be appropriate for purposes of sentencing if a conviction results. *See* Commentary to U.S.S.G. § 3D1.2. The government has proffered that the counts should be grouped.

In violation of Title 18, United States Code, Section 2252(a)(1).

## COUNT TWO

Between on or about April of 1990 and December of 1990, in the District of New Hampshire and elsewhere, defendant

### LARRY LANE BATEMAN

knowingly shipped in interstate commerce visual depictions of minors engaged in sexually explicit conduct, in "picture books" and video cassettes, as set forth and labeled below, the production of such visual depictions involved the use of minors engaged in sexually explicit conduct:

*PICTURE BOOKS:* "Goodbye Frustration"; and "Teen"; and "Physique Pictorial"; and "The Yearning That Won't Go Away"; and "Hot Stuff Between The Covers"; and "Art"; and "Boys Hard Dicks"; and "Like em Young, Like em Hot, Like em Horney"; and "Tempt'n Teens"; and "Teen Cocks"; and "Men Together with Bad Bad Boys"; and "Chicken"; and "Try This One On For Size"; and "Young Hard-ons Delivered"; and "A Complete Selection of Kids!"; and "So Rare and Available To So Few ..."; and "Teens"; and "Boy's School"; and "All American Boys We Want Your Body"; and "You Will Never Be The Same"; and

*VIDEO CASSETTES:* "Young QTS 1"; and "Young QTS 2"; and "Lads 4"; and "Young QTS 3"; and "Teens 2"; and "Beauties 9"; and "Lads 1"; and "Lads 3"; and "Dolls"; and "Lads 5"; and "Teens and 2"; and "Teens 3"; and "Teens and 1"; and "SLP 5"; and "Full 3"; and "Exotic"; and "Teens 6".

In violation of Title 18, United States Code, Section 2252(a)(1).

## COUNT THREE

In the course of committing the felony offenses alleged in Counts One and Two of the Indictment pertaining to visual depictions of minors engaged in sexually explicit conduct, defendant

### LARRY LANE BATEMAN

used or intended to be used to commit or to promote the commission of said offenses certain property, namely:

a. Six (6) boxes of blank video cassette tapes;

b. One (1) Ricoh 35mm camera No. 47138052 with case;

c. One (1) Apple monitor No. 519382876 with printer No. 0176605 with (6) boxes floppy discs;

d. One (1) Apple IIC computer No. 519382876 (keyboard);

e. One (1) Turbo Mouse No. 3911329;

f. A large quantity of VCR connector cables;

g. One (1) MacIntosh SE Superdrive No. F1029A8VB01 with keyboard No. AP04020VM0312;

h. Fifteen (15) user guides for computers;

i. One (1) Land camera No. 5193876 with case and one (1) film package;

j. Two (2) folders of manuals for computers;

k. One (1) Panasonic VHS camera model AC–190 No. B2HB02562;

l. One (1) Panasonic video AC adaptor AC–BG No. B202582YD;

m. One (1) Panasonic VCR model PU–1642 No. H6SA30987;

n. One (1) Digital VCR model U–6040D No. 69309034 with remote;

o. One (1) Panasonic video camera with case model PU–400D No. 08WA14321;

p. One (1) Quasar video camera with Panasonic case No. WK60660507;

q. One (1) Quasar video camera with case No. WK70610150;

r. One (1) Sharp video camera No. 908312218 with two (2) batteries in bag, battery charger Sharp No. 906378392;

s. One (1) empty Panasonic case;

t. Twelve (12) Panasonic batteries (NI-CAD 12 volts);

u. One (1) Panasonic VCR model PU–4070 No. HOSA30094;

v. One (1) Panasonic VCR AG–1240 No. J9SA10576;

w. One (1) Panasonic VCR model PU–4070 No. HOSP30083;

x. One (1) Panasonic TU monitor model CT–1381Y No. MB02210432;

y. One (1) Panasonic TU monitor model CT–1381Y No. MB01170727;

z. One (1) Panasonic TU monitor model CT–13814 No. MB01170796;

aa. Two (2) Geneva video tape cleaners model—PF740;

bb. One (1) RCA VCR No. 1396FM782;

cc. One (1) Panasonic mixer No. 07A11522 with character generator No. 05Z01369;

dd. One (1) RCA with portable unit (VCR) No. 5183H7104;

ee. One (1) Panasonic battery charger No. C8WA18250;

ff. One (1) Panasonic battery charger No. WK70610150;

gg. One (1) Panasonic battery charger No. C8WA15736;

hh. Two (2) Panasonic wireless remote controls and (1) RCA wireless remote;

ii. Five (5) power strips;

jj. One (1) Sansui double cassette deck No. 646036302;

kk. One (1) Ambico bulk tape eraser—no serial number;

ll. One (1) Philco color TV No. 1118U101C;

mm. One (1) Quasar VCR model UN5251YW No. 50840092;

nn. One (1) Sharp LCD projector model XV–1202V No. 312538;

oo. Two (2) tele-mikes;

pp. One (1) citizen LCD monitor model N329–1A No. CO–O6880;

qq. Two (2) Panasonic remote control No. VSQS0997;

rr. One (1) Geneva auto-tape eraser model PF–211;

ss. One (1) Sentry stereo headphones;

tt. One (1) Ambico video tape cleaner rewind model V0755;

uu. One (1) Sony mini-cassette recorder model M–300;

vv. One (1) Quasar remote control EUR–50258;

ww. One (1) Radio Shack wireless remote control 61–2667;

xx. One (1) Quasar color TV No. MB9331483;

yy. One (1) Bogen Tripod Model No. 3063;

zz. One (1) Panasonic Omnivision No. D25A80946;

aaa. One (1) Sankyo EM–60–XL 964232 Super 8 movie camera with brown case;

bbb. One (1) large empty box brown video cassette holders;

ccc. One (1) Labeling gun with case;

ddd. Panasonic Camcorder and case—Serial No. WK60660807;

eee. Four (4) battery packs;

fff. Tripod for camcorder;

ggg. Microphone and holder;

hhh. One (1) Converter Switch.

Upon conviction for the above recited Counts One and Two of the Indictment, all right, title and interest of defendant

LARRY LANE BATEMAN

in the above property shall be forfeited to the United States.

Pursuant to Title 18, United States Code, Section 2253(a).

## COUNT FOUR

On or about July 16, 1992, in the District of New Hampshire, the defendant

LARRY LANE BATEMAN

did knowingly possess three or more video tapes and other matter which contained visual depictions that had been shipped in interstate and foreign commerce and which were produced using materials which had been so shipped, the production of such visual depictions involved the use of minors engaged in sexually explicit conduct and such visual depictions were of such conduct. Specifically, the defendant

LARRY LANE BATEMAN

did possess the following:

1. A picture book entitled: We've got the goods; loaded; what can we do for you? We'll do anything just because you

asked for it; the vigor of youth ...; boy sex; everything you want in unique.

2. The following videotapes which were in separate containers labeled:

a. A; 1—Danny Silver and Perry; 2—Ballin' boys duo; 3—Golden boy adventure; 4—Jim and Tommy; 5—Asian boys duo; 6—Boy and teen; 7—Two young pals; 8—Tall lad JO; 9—Two young blonds; 10—Young mouthful; 11—Bad teen fuck duo; 12—Teen with man fuck; 13—Phil and Robert; 14—Dear cousin Bill duo; 15—Milk drinker duo; 16—Strip poker duo; 17—Bad boy spanked; 18—Curt and Jerry; 19—Howey and Doug; 20—Stan and Burt.

b. B; 1—Stan and Burt; 2—Jim and Tommy; 3—Phil and Robert; 4—Two young pals; 5—Boy and teen; 6—Danny Silver solo; 7—Tall lad JO; 8—Two young blonds; 9—Young mouthful; 10—Bad teen fuck duo; 11—Teen with man fuck; 12—Howey and Doug; 13—Golden boy adventure; 14—Strip poker duo; 15—Milk drinker duo; 16—Dear cousin Bill duo; 17—Me and my brother; 18—Asian boys duo; 19—Ballin boys duo; 20—Bad boys spanked; 21—Curt and Jerry.

c. D; 1—Video collage (SLP); [SP] 2—Dear cousin Bill duo; 3—Milk drinker duo; 4—Jim and Tommy; 5—Phil and Robert; 6—Golden boy adventure; 7—Stars at play.

d. E; 1—Jan and Peter (S/F); 2—Dark lads (S/JO); 3—Dark lads plus blonde (S/JO); 4—Ray and Gary (kiss/S/F); 5—Boy loop/lad loop; 6—Boys: pose/kiss/S/F; 7—Four for Freddy.

e. COQ; F; 1—Twins; 2—A juicy arse; 3—Ass full of joy; 3—Three-way; 4—Morning fuck; 5—Sex gymnastics; 6—Cousin Tom's climax; 7—Total orgasm/dildo solo; 8—Naked breakfast; 9—Highschool live show; 10—QT plus two; 11—Three QTS JO & suck; 12—Four boys for Freddie; "Lucky Lovers" #27; 13—Black dude and lad; 14—Two QTS on couch; 15—Lad solo outside; "special friends" #19; 16—Two dolls; 17—Tub/bed guys; 18—QT solo; "jerky joggers" #26; 19—Two guys in John; 20—Two beauties in hotel.

f. G; Teen duos; Teens and men; Teen trio; Teen duo; Couple as teens has boys.

g. H; Boy!; Action!!.

h. I; Boy!; Solo/duo; Photo.

i. J; Even more teens; Photos: solos, duos, trios.

j. K; Now, boys!!!

k. M; Teens; Photos; Solos; Duos; Trios.

l. N; More teens; Photos; Solos; Duos; Trios.

m. P; Fav lads; Encore.

n. Q; Teen; QTS galore; COQ; USA; Men/lads; Lads/laddies.

o. S; Lots of lads.

p. T; Brit. beauties; Boy's school; Laurel Falls lads; QTS encore.

q. V; Pretty duos; Pretty solos/duos; Pretty twins.

r. W; Dollies; Lads; Duos; COQ; Beauties; Action; Twins (video).

s. X; British boys; Oldie goldies; (Pink narcissus lad); Beauties; COQ encore; British boys; Solos; Duos (video action).

All in violation of Title 18, United States Code, Section 2252(a)(4).

■ There should be no doubt about the fact that the redacted indictment is valid for all purposes. Although a defendant has a fifth amendment right to be tried only on charges presented in an indictment returned by a grand jury, *Stirone v. United States*, 361 U.S. 212, 217, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960), the redaction of an indictment at the request of a defendant for legitimate reasons does not offend the notice and review functions served by a grand jury's issuance of an indictment. *United States v. Smith*, 918 F.2d 1032, 1036 (2d Cir.1990). As long as the redacted indictment fully and clearly sets out the same crime or crimes and the same elements of the offense as the grand jury returned indictment, the right to a grand jury is not violated by the fact that forty counts were condensed or consolidated into four counts at the defendant's request. *See United States v. Miller*, 471 U.S. 130, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985). As a matter of law, even over the

objection of the parties, the court has broad discretion to strike surplusage in an indictment. Those sections which will not be part of the proof at trial are treated as useless averment that can be ignored or simply redacted. *See* Fed.R.Crim.P. 7(d) and *Smith*, 918 F.2d at 1036.

The defendant's motion to consolidate counts, consented to by the government, is now GRANTED. The attached redacted version of the superseding indictment returned by the grand jury on September 2, 1992 shall control the proceedings.[2]

IT IS SO ORDERED.

### APPENDIX

### SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE

In or about December 1990, in the District of New Hampshire and elsewhere, defendant

### LARRY LANE BATEMAN

knowingly shipped in interstate commerce visual depictions of a minor engaged in sexually explicit conduct, to wit, polaroid type photographs, the production of which visual depictions involved the use of a minor engaged in sexually explicit conduct.

In violation of Title 18, United States Code, Section 2252(a)(1).

The Grand Jury further charges:

### COUNT TWO

Between on or about April of 1990 and December of 1990, in the District of New Hampshire and elsewhere, defendant

### LARRY LANE BATEMAN

knowingly shipped in interstate commerce visual depictions of minors engaged in sexually explicit conduct, in "picture books" and video cassettes, as set forth and labeled below, the production of such visual depictions involved the use of minors engaged in sexually explicit conduct:

PICTURE BOOKS: "Goodbye Frustration"; and "Teen"; and "Physique Pictorial"; and "The Yearning That Won't Go Away"; and "Hot Stuff Between The Covers"; and "Art"; and "Boys Hard Dicks"; and "Like em Young, Like em Hot, Like em Horney"; and "Tempt'n Teens"; and "Teen Cocks"; and "Men Together with Bad Bad Boys"; and "Chicken"; and "Try This One On For Size"; and "Young Hardons Delivered"; and "A Complete Selection of Kids!"; and "So Rare and Available To So Few …"; and "Teens"; and "Boy's School"; and "All American Boys We Want Your Body"; and "You Will Never Be The Same"; and

VIDEO CASSETTES: "Young QTS 1"; and "Young QTS 2"; and "Lads 4"; and "Young QTS 3"; and "Teens 2"; and "Beauties 9"; and "Lads 1"; and "Lads 3"; and "Dolls"; and "Lads 5"; and "Teens and 2"; and "Teens 3"; and "Teens and 1"; and "SLP 5"; and "Full 3"; and "Exotic"; and "Teens 6".

In violation of Title 18, United States Code, Section 2252(a)(1).

The Grand Jury further charges:

### COUNT THREE

In the course of committing the felony offenses alleged in Counts One and Two of the Indictment pertaining to visual depictions of minors engaged in sexually explicit conduct, defendant

### LARRY LANE BATEMAN

used or intended to be used to commit or to promote the commission of said offenses certain property, namely:

a. Six (6) boxes of blank video cassette tapes;

b. One (1) Ricoh 35mm camera No. 47138052 with case;

c. One (1) Apple monitor No. 519382876 with printer No. 0176605 with (6) boxes floppy discs;

---

2. In the government's written opposition, a suggestion was made that to cover any potential grand jury fifth amendment violation, the government would convene the grand jury and seek a superseding indictment. The matter was discussed with counsel and it was agreed that such procedure was unnecessary and would only serve to create additional pretrial publicity surrounding any additional appearance by defendant for arraignment.

d. One (1) Apple IIC computer No. 519382876 (keyboard);

e. One (1) Turbo Mouse No. 3911329;

f. A large quantity of VCR connector cables;

g. One (1) MacIntosh SE Superdrive No. F1029A8VB01 with keyboard No. AP04020VM0312;

h. Fifteen (15) user guides for computers;

i. One (1) Land camera No. 5193876 with case and one (1) film package;

j. Two (2) folders of manuals for computers;

k. One (1) Panasonic VHS camera model AC–190 No. B2HB02562;

l. One (1) Panasonic video AC adaptor AC–BG No. B202582YD;

m. One (1) Panasonic VCR model PU–1642 No. H6SA30987;

n. One (1) Digital VCR model U–6040D No. 69309034 with remote;

o. One (1) Panasonic video camera with case model PU–400D No. O8AW14321;

p. One (1) Quasar video camera with Panasonic case No. WK60660507;

q. One (1) Quasar video camera with case No. WK70610150;

r. One (1) Sharp video camera No. 908312218 with two (2) batteries in bag, battery charger Sharp No. 906378392;

s. One (1) empty Panasonic case;

t. Twelve (12) Panasonic batteries (NI–CAD 12 volts);

u. One (1) Panasonic VCR model PU–4070 No. HOSA30094;

v. One (1) Panasonic VCR AG–1240 No. J9SA10576;

w. One (1) Panasonic VCR model PU–4070 No. HOSP30083;

x. One (1) Panasonic TU monitor model CT–1381Y No. MB02210432;

y. One (1) Panasonic TU monitor model CT–1381Y No. MB01170727;

z. One (1) Panasonic TU monitor model CT–13814 No. MB01170796;

aa. Two (2) Geneva video tape cleaners model—PF740;

bb. One (1) RCA VCR No. 1396FM782;

cc. One (1) Panasonic mixer No. 07A11522 with character generator No. 05Z01369;

dd. One (1) RCA with portable unit (VCR) No. 5183H7104;

ee. One (1) Panasonic battery charger No. C8WA18250;

ff. One (1) Panasonic battery charger No. WK70610150;

gg. One (1) Panasonic battery charger No. C8WA15736;

hh. Two (2) Panasonic wireless remote controls and (1) RCA wireless remote;

ii. Five (5) power strips;

jj. One (1) Sansui double cassette deck No. 646036302;

kk. One (1) Ambico bulk tape eraser—no serial number;

ll. One (1) Philco color TV No. 1118U101C;

mm. One (1) Quasar VCR model UN5251YW No. 50840092;

nn. One (1) Sharp LCD projector model XV–1202V No. 312538;

oo. Two (2) tele-mikes;

pp. One (1) citizen LCD monitor model N329–1A No. CO–O6880;

qq. Two (2) Panasonic remote control No. VSQS0997;

rr. One (1) Geneva auto-tape eraser model PF–211;

ss. One (1) Sentry stereo headphones;

tt. One (1) Ambico video tape cleaner rewind model V0755;

uu. One (1) Sony mini-cassette recorder model M–300;

vv. One (1) Quasar remote control EUR–50258;

ww. One (1) Radio Shack wireless remote control 61–2667;

xx. One (1) Quasar color TV No. MB9331483;

yy. One (1) Bogen Tripod Model No. 3063;

zz. One (1) Panasonic Omnivision No. D25A80946;

aaa. One (1) Sankyo EM–60–XL 964232 Super 8 movie camera with brown case;

bbb. One (1) large empty box brown video cassette holders;

ccc. One (1) Labeling gun with case;

ddd. Panasonic Camcorder and case—Serial No. WK60660807;

eee. Four (4) battery packs;

fff. Tripod for camcorder;

ggg. Microphone and holder;

hhh. One (1) Converter Switch.

Upon conviction for the above recited Counts One and Two of the Indictment, all right, title and interest of defendant

LARRY LANE BATEMAN

in the above property shall be forfeited to the United States.

Pursuant to Title 18, United States Code, Section 2253(a).

The Grand Jury further charges:

COUNT FOUR

On or about July 16, 1992, in the District of New Hampshire, the defendant

LARRY LANE BATEMAN

did knowingly possess three or more video tapes and other matter which contained visual depictions that had been shipped in interstate and foreign commerce and which were produced using materials which had been so shipped, the production of such visual depictions involved the use of minors engaged in sexually explicit conduct and such visual depictions were of such conduct. Specifically, the defendant

LARRY LANE BATEMAN

did possess the following:

1. A picture book entitled: We've got the goods; loaded; what can we do for you? We'll do anything just because you asked for it; the vigor of youth ...; boy sex; everything you want in unique.

2. The following videotapes which were in separate containers labeled:

a. A; 1—Danny Silver and Perry; 2—Ballin' boys duo; 3—Golden boy adventure; 4—Jim and Tommy; 5—Asian boys duo; 6—Boy and teen; 7—Two young pals; 8—Tall lad JO; 9—Two young blonds; 10—Young mouthful; 11—Bad teen fuck duo; 12—Teen with man fuck; 13—Phil and Robert; 14—Dear cousin Bill duo; 15—Milk drinker duo; 16—Strip poker duo; 17—Bad boy spanked; 18—Curt and Jerry; 19—Howey and Doug; 20—Stan and Burt.

b. B; 1—Stan and Burt; 2—Jim and Tommy; 3—Phil and Robert; 4—Two young pals; 5—Boy and teen; 6—Danny Silver solo; 7—Tall lad JO; 8—Two young blonds; 9—Young mouthful; 10—Bad teen fuck duo; 11—Teen with man fuck; 12—Howey and Doug; 13—Golden boy adventure; 14—Strip poker duo; 15—Milk drinker duo; 16—Dear cousin Bill duo; 17—Me and my brother; 18—Asian boys duo; 19—Ballin boys duo; 20—Bad boys spanked; 21—Curt and Jerry.

c. D; 1—Video collage (SLP); [SP] 2—Dear cousin Bill duo; 3—Milk drinker duo; 4—Jim and Tommy; 5—Phil and Robert; 6—Golden boy adventure; 7—Stars at play.

d. E; 1—Jan and Peter (S/F); 2—Dark lads (S/JO); 3—Dark lads plus blonde (S/JO); 4—Ray and Gary (kiss/S/F); 5—Boy loop/lad loop; 6—Boys: pose/kiss/S/F; 7—Four for Freddy.

e. COQ; F; 1—Twins; 2—A juicy arse; 3—Ass full of joy; 3—Three-way; 4—Morning fuck; 5—Sex gymnastics; 6—Cousin Tom's climax; 7—Total orgasm/dildo solo; 8—Naked breakfast; 9—Highschool live show; 10—QT plus two; 11—Three QTS JO & suck; 12—Four boys for Freddie; "Lucky Lovers" # 27; 13—Black dude and lad; 14—Two QTS on couch; 15—Lad solo outside; "special friends" # 19; 16—Two dolls; 17—Tub/bed guys; 18—QT solo; "jerky joggers" # 26; 19—Two guys in John; 20—Two beauties in hotel.

f. G; Teen duos; Teens and men; Teen trio; Teen duo; Couple as teens has boys.

g. H; Boy!; Action!!.

h. I; Boy!; Solo/duo; Photo.

i. J; Even more teens; Photos: solos, duos, trios.

j. K; Now, boys!!!

k. M; Teens; Photos; Solos; Duos; Trios.

l. N; More teens; Photos; Solos; Duos; Trios.

m. P; Fav lads; Encore.

n. Q; Teen; QTS galore; COQ; USA; Men/lads; Lads/laddies.

o. S; Lots of lads.

p. T; Brit. beauties; Boy's school; Laurel Falls lads; QTS encore.

q. V; Pretty duos; Pretty solos/duos; Pretty twins.

r. W; Dollies; Lads; Duos; COQ; Beauties; Action; Twins (video).

s. X; British boys; Oldie goldies; (Pink narcissus lad); Beauties; COQ encore; British boys; Solos; Duos (video action).

All in violation of Title 18, United States Code, Section 2252(a)(4).

A True Bill·

---

Foreman

JEFFREY R. HOWARD

United States Attorney

By: _____

Arnold H. Huftalen

Assistant U.S. Attorney

Bar # 1215

---

Bruce Taylor

Special Attorney

Department of Justice

Child Exploitation and Obscenity Section