19 F.3d 1430
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wani Reasha LOGAN, Defendant-Appellant.
 No. 92-5637.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 20, 1993.
Decided March 23, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge.
 Gary P. Kramer, Sheehy & Friedler, Hempstead, NY, for appellant.
 Robert H. Edmunds, Jr., U.S. Atty., Sandra J. Hairston, Asst. U.S. Atty., Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Wani Reasha Logan, Jr., appeals his jury conviction of possession with intent to distribute 35.4 grams of cocaine base (crack), 21 U.S.C. Sec. 841(a)(1) (1988) and 21 U.S.C. Sec. 841(b)(1)(B) (1988), and carrying and use of a firearm in relation to a drug trafficking offense, 18 U.S.C. Sec. 924(c)(1) (1988). For the reasons set forth below, we affirm.
 
 
 2
 Pursuant to a consensual search of Logan's bedroom in his grandfather's house, crack cocaine was discovered in a leather pouch under Logan's bed and in film canisters in the pocket of Logan's housecoat. A 12-gauge modified shotgun was found leaning in the corner near the housecoat.
 
 
 3
 There was testimony at trial that Logan wore the housecoat prior to the day of the search and that Logan's grandfather did not allow anyone in the bedroom when Logan was not there. Another grandson, Dion Hunt, had occupied a separate bedroom in the house, but had moved out at least five months earlier. Also, the pouch containing the cocaine was not dusty.
 
 
 4
 Logan's theory of defense was that the cocaine did not belong to him, but to Dion Hunt. Logan presented testimony that Hunt was in the business of selling cocaine and he carried his cocaine in film canisters like those found in Logan's housecoat.
 
 
 5
 Logan moved for acquittal on the basis that the government failed to prove that he had actual knowledge of the presence of the cocaine base or that he had intent to use the firearm in relation to the drug trafficking offense. He also argued that the indictment should have charged him with possession of the crack found in the housecoat in a count separate from the charge of possession of the crack found in the leather pouch. The court denied Logan's motions for acquittal at the close of the evidence and prior to submission of the case to the jury.
 
 
 6
 The jury found Logan guilty on both counts. The district court construed a post-verdict motion for acquittal as a motion for new trial and denied it.* At sentencing, the court again denied a motion for acquittal, finding that the verdict was based upon sufficient evidence that the cocaine was in Logan's room, found in Logan's robe, and that the gun was in proximity to where the cocaine was in the robe. Logan was sentenced to 188 months imprisonment and eight years of supervised release. Logan appealed, raising the same issues as in his motions for acquittal, and contending that denial of the motions for acquittal was error.
 
 
 7
 The denial of a motion for acquittal will be reversed only if, viewing all the evidence in the light most favorable to the government, "there is no substantial evidence in the record to support the jury's finding that the defendant is guilty beyond a reasonable doubt." United States v. Stockton, 788 F.2d 210, 218 (4th Cir.) (quoting United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir.1982)), cert. denied, 479 U.S. 840 (1986). On this record, we find that the evidence was sufficient to support the jury verdict. Contrary to Logan's arguments on appeal, we find that the jury could reasonably have found that Logan had knowledge of the existence of the cocaine. We find that there was sufficient evidence to support Logan's conviction and the district court's denial of judgment of acquittal on this basis was proper.
 
 
 8
 Logan also contends that the government failed to prove that he intended to use the firearm. To establish a violation of Sec. 924(c)(1), the government must prove that the defendant used or carried a firearm during and in relation to a drug trafficking crime. United States v. Paz, 927 F.2d 176, 178 (4th Cir.1991). The weapon need not be actually used; constructive possession is sufficient to prove use. Paz, 927 F.2d at 179. Section 924(c) is violated if the firearm is present for protection and to facilitate the likelihood of success. United States v. Brockington, 849 F.2d 872, 876 (4th Cir.1988). We find that the jury could have reasonably concluded that the firearm was present to facilitate the success of the drug trafficking offense, in violation of Sec. 924(c)(1).
 
 
 9
 Logan's final contention on appeal is that the indictment improperly charged him with only one count of possession, rather than separately charging possession of the cocaine found in the housecoat and in the leather pouch. He argues that the charge was duplicitous and could result in a conviction even if the jury found that he did not possess the cocaine found in the pouch.
 
 
 10
 We find this argument to be without merit. The contemporaneous possession of both quantities of cocaine base is one offense and the indictment properly charged Logan with one count of possession with intent to distribute. United States v. Dixon, 921 F.2d 194, 196 (8th Cir.1990); see United States v. Grandison, 783 F.2d 1152 (4th Cir.), cert. denied, 479 U.S. 845 (1986).
 
 
 11
 Moreover, the exact quantity of drugs is relevant only for sentencing purposes, not for the determination of guilt. Trial by jury as to the quantity of drugs is not required. United States v. Engleman, 916 F.2d 182, 184 (4th Cir.1990). The amount of drugs chargeable to the defendant need only be shown by a preponderance of the evidence at the time of sentencing. Engleman, 916 F.2d at 184. We find that the evidence was sufficient to satisfy by a preponderance of the evidence that Logan was in possession of the cocaine found in his housecoat and under his bed.
 
 
 12
 For the foregoing reasons, we affirm Logan's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Logan does not assert on appeal that the district court erred in denying this motion which the district court treated as a motion for new trial. The motion was based on supposed newly discovered evidence regarding the robe in which some of the cocaine was found. Because that evidence was not presented at trial and Logan does not assert that the new trial motion was improperly denied, we do not consider the purported new evidence